IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 19-20309 |
| DAVIN JOSHUA GASTWIRTH, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | CONTESTED MATTER |
| DAVIN JOSHUA GASTWIRTH, | ) | |
| | ) | |
| Debtor/Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IOU CENTRAL, INC. D/B/A IOU | ) | |
| FINANCIAL, INC., | ) | |
| | ) | |
| Creditor/Respondent. | ) | |
| | ) | |

**OPINION AND ORDER GRANTING
DEBTOR'S MOTION TO RECONSIDER AND
<u>VACATE ORDER EXTENDING TIME FOR FILING COMPLAINTS</u>**

Presently before the Court is Debtor Davin Joshua Gastwirth's Motion to Reconsider and Vacate Order Extending Time for Filing Complaints (ECF No. 65) (the "<u>Motion</u>"). Debtor filed this Motion in response to the Court's Order on Creditor IOU

AO 72A
(Rev. 8/82)

Central, Inc. d/b/a IOU Financial, Inc.'s ("Creditor") Motion to Alter/Amend Order for Extension of Time to Object to Debtor's Discharge (ECF No. 61) (the "Second Extension Order"), which extended Creditor's time to file a complaint objecting to discharge. Pursuant to notice, Debtor's Motion came on for hearing on February 13, 2020 (the "Hearing").  For the reasons that follow, Debtor's Motion will be granted.

## BACKGROUND

Debtor filed his Chapter 7 petition on May 7, 2019.  (ECF No. 1.)  On May 8, 2019, the Bankruptcy Clerk's Office sent out a notice stating that the deadline for filing adversary complaints was August 2, 2019.  (ECF No. 5.)  On July 17, 2019, the U.S. Trustee (the "Trustee") and Debtor filed a Consent Motion for an Extension of Time to File a Complaint Objecting to Discharge Under Section 727 or Motion to Dismiss Under Section 707(b) (ECF No. 40) (the "Consent Motion"), requesting that the deadline for filing such complaints or motions be extended to October 2, 2019.  The Court entered an order granting the Consent Motion (ECF No. 42) (the "First Extension Order") two days later. The First Extension Order stated that "the time for the U.S. Trustee to file a complaint objecting to the entry of a discharge or to file a motion to dismiss under § 707(b)(2) and (b)(3) is hereby extended to October 2, 2019."  (Id. at 2.)

On September 24, 2019, Creditor filed a Motion to Alter/Amend Order for Extension of Time to Object to Debtor's Discharge (ECF No. 59) (the "Motion to Extend"),

AO 72A
(Rev. 8/82)

requesting that the Trustee's extended deadline to object to discharge be expanded to include Creditor. (Id. at 3.) Creditor argued that such an amendment was proper because neither the Consent Motion nor the docket text related to the entry of the First Extension Order indicated that the October 2, 2019 deadline only applied to the Trustee.[1] (Id. at 6.) Based on these omissions, Creditor claimed that its staff (acting *pro se* at the time) "understood the [First Extension Order to have] extended the deadline until 10/2/19 for *any* party to file objections to discharge." (Id. at 2 (emphasis altered).) Finally, the Motion to Extend asserted that Creditor's counsel "conferred via electronic mail with Debtor's counsel regarding the relief in [the] Motion to which Debtor's counsel took no position, including objection." (Id. at 3.)

The Court granted Creditor's Motion to Extend on October 2, 2019—the day that the Trustee's extended deadline was set to expire; pursuant to Creditor's requested relief, the Second Extension Order accordingly extended Creditor's deadline to file a complaint through the end of that same day. (ECF No. 61 at 2.) Creditor, however, did not comply with the Court's Second Extension Order. Creditor filed its complaint on October 3, 2019, at 1:44 A.M. (ECF No. 63; A.P. ECF No. 1) (the "Complaint"),[2] objecting to Debtor's

---

[1] The docket text for the First Extension Order reads as follows: "Order Granting Motion to Extend Time to File Objection to Discharge Under Section 727 and a Motion to Dismiss Under Section 707 (Related Doc # 40) Filed on 7/19/2019. Last day to oppose discharge or dischargeability is 10/2/2019." (ECF No. 42.) The docket text refers to "Related Doc # 40" which is the Consent Motion and contains a hyperlink that opens the Consent Motion.

[2] Creditor's filing of the Complaint initiated the associated adversary proceeding, IOU Central, Inc. v. Gastwirth (In re Gastwirth), Adv. No. 19-02013 (Bankr. S.D. Ga. Oct. 3, 2019). (See A.P. ECF No. 1.) In that

dischargeability under both 11 U.S.C. §§ 523 and 727.

Debtor filed the present Motion on October 7, 2019. (ECF No. 65.) Debtor requests that the Court vacate the Second Extension Order, first arguing that "[t]he Order was granted without notice and hearing." (Id. at 1.) Debtor also maintains that Creditor's Motion to Extend was based on three "deliberate and willful misrepresentations of fact." (Id.) Specifically, Debtor contends: (1) that the Consent Order "unequivocally limits . . . relief to the U.S. Trustee;" (2) that Creditor improperly "insert[ed] into its proposed order an extension of time for filing a complaint to determine dischargeability under 11 U.S.C. § 523," a legal basis "not included within the Consent Order between the United States Trustee and the Debtor;" and (3) that, despite Creditor's assertions to the contrary, Creditor "ha[d] never at any time conferred with Debtor's counsel on any matters whatsoever." (Id. at 1–2.) At the Hearing, Debtor also requested that the Complaint be dismissed.

The Court took this matter under advisement after the Hearing, and now issues this opinion and order.

## DISCUSSION

As noted above, Debtor asks the Court to reconsider and/or vacate the Second

---

proceeding, Creditor filed a motion requesting that its complaint be considered timely under the extended deadline (A.P. ECF No. 2), which the Court granted (A.P. ECF No. 5). Docket citations indicated with "A.P." refer to the docket in the adversary proceeding. Unless otherwise indicated, docket citations refer to the docket in the underlying bankruptcy case.

Extension Order.  (See ECF No. 65.)  Courts in the Eleventh Circuit have identified three separate circumstances that merit reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015).  Additionally, Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  It also provides that the Court can take any action or make "any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  Id.  Said differently, the Court "has the equitable power to correct, modify, or vacate" an order "to correct a wrong [or] potent miscarriage of justice."  In re Grossot, 205 B.R. 341, 343 (Bankr. M.D. Fla. 1997) (citing Coggin v. Coggin (In re Coggin), 30 F.3d 1443, 1451 (11th Cir. 1994)).  Here, the Court finds that such action is warranted; for the reasons set forth below, reconsideration of the Second Extension Order is necessary to correct clear error and prevent manifest injustice.

First, the Second Extension Order did not comply with the Federal Rules of Bankruptcy Procedure (the "Rules").  In its Motion to Extend, Creditor sought an extension to object to Debtor's Chapter 7 discharge under 11 U.S.C. § 727 and to the dischargeability

of certain debts under 11 U.S.C.§ 523(c).[3]  Objections under these statutory provisions are

governed by Rules 4004(a)[4] and 4007(c),[5] respectively, and must be made "no later than 60

days after the first date set for the meeting of creditors under § 341(a)."  While the Rules

provide that the court may, for cause, extend the deadline for objecting to discharge under

Section 727 or to the dischargeability of a debt under Section 523(c), it is well-established

that any such motion must be filed before the original 60-day deadline has expired.[6]  See

Fed. R. Bankr. P. 4004(b),[7] 4007(c); see also Shoemaker v. U.S. Tr. for Region 16 (In re

---

[3] Creditor generally alleges that it has grounds to object to the dischargeability of certain debts under Section 523 but does not cite any specific subsection.  However, based on the allegations in the Complaint, it appears as if Creditor is attempting to assert claims under Section 523(c).  (See ECF No. 63; A.P. ECF No. 1.)  The Court notes its perceived basis for Creditor's Section 523 claims for purposes of the discussion in this Order and does not make any findings or conclusions as to the merits, validity, or existence of any of the claims asserted by Creditor under Section 523 or otherwise.

[4] Rule 4004(a) provides, in pertinent part, that in a Chapter 7 case, "a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

[5] Rule 4007(c) provides as follows:
> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

[6] In Kontrick v. Ryan, 540 U.S. 443 (2004), the Supreme Court recognized that Rule 4007(c) essentially applies the same time prescriptions as Rule 4004(b) and "tracks Rule 4004(a) and (b), and Rule 9006(b)(3) lists 4007(c) as well as 4004(a) among the time prescriptions bankruptcy courts may enlarge only to the extent under the conditions stated [in the rules themselves]."  Id. at 448 n.3.  See also Ala. Dep't of Econ. and Cmty. Affairs v. Lett, No. 09-11871, 2010 WL 960066, at *3 n.2 (11th Cir. March 18, 2010) (per curiam) (noting that Rules 4004 and 4007 essentially have the same time prescriptions).

[7] While Rule 4004(a) delineates the 60-day period for objections pursuant to Section 727, Rule 4004(b) governs extensions thereof.  Specifically, Rule 4004(b)(1) states that "[o]n motion of any party in interest, after notice

Shoemaker), No. CC-18-1020-KuFL, 2019 Bankr. LEXIS 1966, at *20 (B.A.P. 9th Cir. July 1, 2019) (it is a "guiding principle" of Rule 4004 that a motion to extend must be made prior to deadline's expiration); Byrd v. Alton (In re Alton), 837 F.2d 457, 459 (11th Cir. 1988) (noting there is "almost universal agreement" that "any motion to extend the time period for filing a dischargeability complaint [under 4007(c)] must be made before the running of that period") (citation and internal quotation marks omitted).

Here, the deadline to object to discharge and/or dischargeability under Sections 727 and 523(c) was August 2, 2019.  (ECF No. 5.)  Creditor, however, did not file its Motion to Extend until September 24, 2019.  (ECF No. 59.)  Because Creditor filed the Motion to Extend fifty-three days after the August 2 deadline, the Court did not, in fact, have the power to extend the deadline for Creditor to file its Complaint.  Indeed, "Rules 4004 and 4007 are mandatory and do not allow the court any discretion to grant a late-filed motion to extend the time to file an objection to discharge."  In re Ray, No. 12-50962, 2012 WL 6110198, at *2 (Bankr. M.D. Ga. Dec. 10, 2012).

Creditor argues its Motion to Extend should nonetheless be considered timely because it is entitled to equitable tolling of the deadlines provided for in Rules 4004(a),

---

and a hearing, the court may for cause extend the time to object to discharge.  Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."  Rule 4004(b)(2) provides an exception to the timely filed motion requirement where the creditor does not learn of the basis for the objection to discharge until after the deadline has expired.  This limited exception does not apply in this case.

4004(b), and 4007(c).  (ECF No. 59 at 6–8.)  The Court disagrees.  As an initial matter, the Eleventh Circuit has yet to expressly rule on whether courts may equitably toll the deadlines set forth in Rules 4004 or 4007; consequently, many courts in this Circuit have refused to employ the doctrine.  See, e.g., Edwards v. Wilkerson (In re Wilkerson), No. 15-51778, 2019 WL 4732376, at *6 (Bankr. N.D. Ga. Sept. 26, 2019) ("[C]ourts have consistently held that In re Alton, remains good law for the proposition that bankruptcy courts do not have discretion to grant a late-filed motion to extend time to file a dischargeability complaint.") (citing Stuart v. Mendenhall (In re Mendenhall), 572 F. App'x 858, 862 n.2 (11th Cir. 2014)); In re Becker, No. 16-02516, 2017 WL 598484, at *6 (Bankr. N.D. Ala. Feb. 14, 2017) ("There is no case in the Eleventh Circuit . . . where a court has allowed a late-filed complaint to go forward when the debtor clearly had properly and timely scheduled the creditor."); United Cmty. Bank v. Harper (In re Harper), 489 B.R. 251, 255–56 (Bankr. N.D. Ga. 2013) ("Although other Circuits have recognized equitable tolling in the context of Rule 4007(c), the Eleventh Circuit has held that the Rule 4007 time restriction is not subject to such an equitable remedy."); W. Union Fin. Servs., Inc. v. Mascarenhas (In re Mascarenhas), 382 B.R. 857, 859 (Bankr. S.D. Fla. 2008) ("Since I am bound by Eleventh Circuit precedent, . . . I cannot apply equitable tolling even in the circumstances presented here."); see also Purvis v. Purvis (In re Purvis), No. 04-3029, 2004 Bankr. LEXIS 1149, at *4 (Bankr. M.D. Ala. Aug. 5, 2004) (finding that the court lacks discretion to extend the

complaint bar dates established pursuant to Rules 4004(a) and 4007(c)).

However, even assuming *arguendo* that the deadlines established under Rules 4004(a), 4004(b), and 4007(c) were subject to equitable tolling, no grounds for such relief existed in this case. Courts have generally found four circumstances that merit equitable relief: "1) extraordinary circumstances beyond the creditor's control; 2) debtor's conscious culpable conduct that misled the creditor as to the deadline; 3) a clerical error by the clerk's office; and 4) the creditor not having received actual notice of the deadline." Wilkerson, 2019 WL 4732376, at *3.

Creditor argued that the third circumstance was present in this case because the docket misled it to believe that the filing deadline had been extended as to all parties. (ECF No. 59 at 2.) Creditor asserted that because the docket text for the First Extension Order said the "[l]ast day to oppose discharge or dischargeability is 10/2/2019" (ECF No. 42), Creditor assumed that the First Extension Order extended the last day for everyone—not just the Trustee—to oppose dischargeability. (ECF No. 59 at 6.) Further, Creditor maintained that the Trustee's Consent Motion did not limit relief to the Trustee and that the First Extension Order did not limit the October 2ⁿᵈ deadline to a particular party. (Id. at 2.)

In support of its argument, Creditor cited several cases where courts applied equitable tolling to mistaken notices. (Id. at 6–8 (citing First Columbus Cmty. Bank & Trust

Co. v. Kurth (In re Kurth), 116 B.R. 309 (Bankr. M.D. Ga. 1990); In re Ray, No. 12-50962, 2012 WL 6110198 at *1.)  However, those cases are factually distinguishable from this one. In both In re Kurth and In re Ray, the relevant error was located in the deadline-setting document itself—not the docket entry summarizing the terms of the document.  In re Kurth, 116 B.R. at 309–10; In re Ray, 2012 WL 6110198 at *1.  Kurth and Ray also did not involve consent orders setting a deadline; instead, they involved notices created by the Clerk's Office which erroneously set the deadline.  In re Kurth, 116 B.R. at 309–10; In re Ray, 2012 WL 6110198 at *1; see In re Champion, 600 B.R. 459, 469 (Bankr. S.D. Ga. 2019) (distinguishing the same cases for the same reasons).

Here, had Creditor clicked on the document supplementing the docket tagline, it would have seen that, under the First Extension Order, "the time for the *U.S. Trustee* to file a complaint objecting to the entry of a discharge or to file a motion to dismiss under § 707(b)(2) and (b)(3) is hereby extended to October 2, 2019."  (ECF No. 42 at 2 (emphasis added).)  Additionally, the Trustee and Debtor's Consent Motion stated that "[*t*]*he U.S. Trustee* request[ed] an extension."  (ECF No. 40 at 1.)  As "it is the responsibility of every attorney to read the substance of each order received from the court," Creditor's reliance on the docket text and its failure to open the relevant document do not merit the extraordinary remedy of equitable tolling.  In re Champion, 600 B.R. at 469 (rejecting a party's claim for excusable neglect under Rule 9006(b) because it was "bound by the terms

set forth in the actual document . . . not the text of the docket entry").

Finally, to the extent Creditor's Motion could be considered timely, the Court nonetheless erred in granting the Motion to Extend prior to affording Debtor a meaningful opportunity to respond.  Under Rule 4004(b), the time to object to discharge may be extended for cause "after notice and hearing," and Rule 4007(c) provides that the time to object to the dischargeability of a debt may be extended for cause "after hearing on notice." Here, the Court granted the Motion to Extend eight days after it was filed;[8] taking Creditor's statement that it conferred with Debtor's counsel via email and "Debtor's counsel took no position, including objection" (ECF No. 59 at 3) at face value, the Court construed the Motion to Extend as unopposed.  In the at-issue Motion, however, Debtor contends that Creditor's statement is "absolutely false," and that Creditor had "never at any time conferred with Debtor's counsel."  (ECF No. 65 at 2.)  Moreover, at the Hearing, Creditor's local counsel admitted that the parties had not actually conferred.[9]  Creditor's "imprecise" drafting caused the Court to enter the Second Extension Order without a

---

[8] Local Rule 7.5 states that, "[u]nless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion."  S.D. Ga. L.R. 7.5.

[9] Local counsel maintained that Creditor had not intentionally misled the Court but instead offered the excuse that Creditor had merely been imprecise in using the word "confer."  Creditor's local counsel went on to clarify that by "confer," Creditor meant that its counsel had emailed Debtor's attorney, asking whether he consented to or opposed the Motion to Extend, and Debtor's attorney did not respond.  The Court finds this explanation unpersuasive and cautions Creditor's counsel against future use of such egregiously "imprecise" drafting.

AO 72A
(Rev. 8/82)

hearing based on an erroneous assumption.  As a result, Debtor was not afforded a meaningful opportunity to object or otherwise be heard on the Motion to Extend and it would be manifest injustice to allow the Second Extension Order to stand.

As stated above, because: (i) the Court did not have the discretion to extend the deadlines established under Rules 4004(a), 4004(b), or 4007(c); (ii) no grounds exist for equitable extension of the applicable deadlines; and (iii) Debtor was not afforded a meaningful opportunity to respond to the Motion to Extend, Debtor has demonstrated the need to correct clear error and the Second Extension Order will be vacated to prevent manifest injustice.  Having determined that Creditor's extension of time to file its Complaint was granted in error, the Court concludes that the Complaint was filed after the bar date.  Therefore, the same must be dismissed and a separate order consistent with the findings of fact and conclusions law herein will be entered in the adversary proceeding.

## ORDER

Accordingly, it is:

**THEREFORE ORDERED**, that Debtor's Motion (ECF No. 65) is hereby **GRANTED**;

**FURTHER ORDERED**, that this Court's Second Extension Order (ECF No. 61) is hereby **VACATED**; and

**FURTHER ORDERED,** that Creditor's Motion to Extend (ECF No. 59) is hereby

**DENIED**.

Michele J. Kim
United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 30th day of September 2020.